[Crim. No. 3829. Second Dist., Div. Three. Dec. 21, 1944.]

THE PEOPLE, Respondent, v. JOSEPH F. MILLER et al., Appellants.

Henry C. Huntington for Appellants.

Robert W. Kenny, Attorney General, and Carl S. Kegley, Deputy Attorney General, for Respondent.

FOX, J. pro tem.—Defendants appeal from a judgment of conviction for violating subdivision 2, section 337a, of the Penal Code, and from the order denying their motion for a new trial. Said subdivision makes it a crime for any person to keep or occupy a room or enclosure of any kind with books, papers or paraphernalia for the purpose of recording bets upon the results of horse races. A jury was waived, and by stipulation the cause was submitted to the trial judge upon the transcript of the testimony adduced at the preliminary examination and the exhibits introduced thereat.

The defendants are charged with having committed the offense in a garage located at 545 South Maple Avenue, in the city of Los Angeles, on September 29, 1943. Officer Boswell and a fellow officer had the premises and the defendants under observation for approximately two hours prior to the arrest of the defendants about 2:30 in the afternoon of said date. From time to time they saw defendants Smith and Miller walk out of the entrance of the garage and walk up and down the street. On one occasion Officer Boswell saw a man across the street from a union building that is almost directly opposite the garage, and approach defendant Miller. After a short conversation the man handed defendant Miller some money. On two other occasions when men came from

the union building the officers followed them to the door of the garage and "by peeking around this door" Officer Boswell observed two of these men hand defendant Smith some money. When the officers entered the garage they found three or four men sitting and standing around, looking at scratch sheets. When they walked in defendant Smith winked at these men and nodded. One of the men threw a scratch sheet under the sofa upon which he was sitting. The other men got up, laid their scratch sheets on the table and walked out. In three or four minutes a man by the name of Robins entered the place and asked defendant Miller, who was seated at a desk, "What was the name of that horse that paid $3.20 to win?" No reply appears to have been made to Robins. He then went over to the desk and started looking through a scratch sheet which was lying there. He said, "I think I'll bet on this horse." He pulled a wallet out of his hip pocket, turned around and looked in the direction of the open door. Defendant Smith was standing 12 or 14 feet away—directly outside the door. Robins then "got sort of a startled look on his face and started to walk out. . . ." The officers stopped him and asked him his business in there. "He said he came in to try on a coat that he was making for Smith." He did not, however, explain why he did not have the coat with him. Neither of the defendants made any comment about the Robins incident or the statements which he made. There was an adding machine on a desk in the corner from which the officer took about two feet of tape which was introduced in evidence. He also recovered three scratch sheets at that time. The defendants were then arrested. There was also introduced in evidence an adding machine tape about three feet long, and a paper captioned Metropolitan Scratch Sheet, under date of September 27, 1943. These had been taken from this place the day before, at which time the officer saw and talked to defendant Smith. Before leaving the place the telephone rang and the officer answered the call. The party wanted to place a bet. The telephone rang several times after that but the officer was unable to get any more conversations.

The officer testified that the signs, symbols, figures and letters on the scratch sheets set forth racing information. They give, according to his testimony, "the name of the tracks and location, and the names of the horses that are running at various tracks, and the jockeys that are purported to ride the particular horse on that certain date, the possible condition

of the track, and probable post time." The witness also gave an interpretation of the adding machine tapes. He said they were betting markers. He also pointed out that scratch sheets and betting markers are part of the paraphernalia commonly used by bookmakers.

Neither of the defendants took the witness stand or offered any evidence in their behalf.

The defendants contend that the evidence is insufficient to establish: (a) That they *kept or occupied* the garage where they were arrested; and (b) that they kept or occupied the room with books, papers or paraphernalia for the purpose of recording or registering bets upon the results of horse races. Neither of these contentions is well founded for it cannot be said, as a matter of law, from the facts and circumstances herein recited and the inferences that the trial court could reasonably draw therefrom, that the implied finding of the trial court on each of these issues lacked sufficient evidentiary support.

The final contention is that the testimony of Officer Boswell concerning the interpretations of the betting markers (Exhibits B and C) was inadmissible on the theory that no proper foundation therefor had been laid. This is based on the testimony of the officer that the code system used in this case was not one in general use in this vicinity. The officer testified he had investigated and arrested 300 or 400 persons for bookmaking and had testified in court as to the results of these investigations. He also testified he had made a study of, and was familiar with, the manner in which bookmaking is conducted in Los Angeles County; that he was familiar with the papers, books and paraphernalia, and with the signs, symbols, letters and figures used by bookmakers in this county. He showed his familiarity with several different codes and appeared to understand the code used in this case. The exhibits he used were taken from the garage in question and one was removed from the adding machine just before the arrest of defendants. We see no reason for holding that the officer's interpretation of the betting markers was not properly admissible in evidence. (*People* v. *Newman* (1944), 24 Cal.2d 168 [148 P.2d 4]; *People* v. *Onofrio* (1944), 65 Cal. App.2d 584 [151 P.2d 158].)

The judgment and order are affirmed.

Desmond, P. J., and Wood (Parker), J., concurred.